GOLCONDA FIRE PROTECTION DISTRICT, APPELLANT, *v.* COUNTY OF HUMBOLDT, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENT.

No. 26906

January 4, 1997                                    930 P.2d 782

*Puccinelli & Puccinelli* and *Alvin R. Kacin,* Elko, for Appellant.

*R. Michael McCormick,* District Attorney and *Kyle B. Swanson,* Deputy District Attorney, Elko, for Respondent.

## OPINION ON REHEARING

*Per Curiam:*

This is an appeal from an order of the district court granting respondent's motion to dismiss. On June 24, 1996, we reversed and remanded the district court's order and directed the district court to conduct an accounting. Humboldt County petitions this court for rehearing contending that a statute of limitations defense or the doctrine of laches defense could bar Golconda's recovery in this case. These defenses were raised in Humboldt County's motion to dismiss to the district court. However, neither party raised these defenses in the briefs on appeal because the district court's ruling was based solely upon Humboldt County's immunity from suit.

In the June 24, 1996 opinion regarding this appeal, this court did not intend to prohibit the district court from considering Humboldt County's legal defenses that were not previously resolved by the district court or asserted on appeal. Therefore we grant Humboldt County's petition for rehearing to clarify the mandate of our June 24, 1996 opinion. The district court may conduct further proceedings in this matter consistent with the reasoning in the June 24, 1996 opinion of this court and is not precluded from considering statutes of limitation, the doctrine of laches or any other legal defenses that Humboldt County may assert.[1]

It is so ORDERED.[2]

---

[1]We express no opinion on the merits of any defenses that may be asserted in the proceedings.

[2]Having granted Humboldt County's petition for rehearing, we deny the motions filed on July 12, 1996, by the Nevada Association of Counties, Clark County and Washoe County for leave to appear as amici curiae and to enlarge time to file amicus brief in support of petition for rehearing. This opinion constitutes our final resolution of this appeal on rehearing.